UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

"IN ADMIRALTY"

Case No.: 1:22-CV-23115-XXXX

PANO CALAVRIAS

      Plaintiff.

v.

QUARANTENA, LLC.,
PHILLIPS MARINE GROUP, LLC.,
PLACES LUXURY RENTALS, LLC.,
and CODY STRICKLAND

      Defendant.

_____/

## AMENDED COMPLAINT

**COMES NOW,** Plaintiff, PANO CALAVRIAS (hereinafter "CALAVRIAS"), by and through undersigned counsel, hereby files this Amended Complaint against Defendant, QUARANTENA, LLC (hereinafter "QUARANTENA"), PHILLIPS MARINE GROUP, LLC, (hereinafter "PHILLIPS"), PLACES LUXURY RENTALS, LLC. (hereinafter "PLACES") and CODY STRICKLAND (hereinafter "STRICKLAND") and in support states as follows:

## FACTS

1.      At all times material hereto, The Plaintiff was employed by the Defendant PHILLIPS MARINE GROUP, LLC as a mate aboard a seventy-six yacht named the "M/Y Quarantena HIN YAMA2252l021" (hereinafter "The Vessel"), owned by the Defendant, QUARANTENA, LLC.

2.       The Vessel is registered to PLACES LUXURY RENTALS, LLC.

3.      During Plaintiff's contracts aboard The Vessel, he was required to perform routine shipboard maintenance, including assisting in docking The Vessel.

4.      On or about July 23, 2022, Plaintiff was aboard The Vessel in his capacity as a First Mate.

5.      On or about July 23, 2022, Defendant, Captain CODY STRICKLAND, was attempting to dock The Vessel at the Island Gardens Marina located at 888 McArthur Causeway Miami, FL 33132.

6.      As Defendant STRICKLAND was attempting to dock The Vessel and The Vessel became still, the Plaintiff realized that the dock lines needed to be readjusted so The Vessel could be properly placed at the dock.

7.      The Plaintiff called Defendant STRICKLAND on a radio to inform Captain STRICKLAND that the Plaintiff was going to readjust the portside dock lines on the mechanical winch.

8.      While attempting to wrap the third line on the above referenced winch, Defendant STRICKLAND put The Vessel into gear, causing The Vessel to shift, the dock lines to tighten, and leading to the amputation of the top knuckle of Plaintiff's middle and index finger located on the Plaintiff's left hand.

9.      Immediately after the tips of Plaintiff's two above mentioned fingers were amputated, one of the stewardesses attempted to render the Plaintiff aid, however The Vessel did not have a first aid and/or trauma kit aboard.

10.     The stewardess attempted to preserve the Plaintiff's amputated fingers and improperly placed them upon ice, causing the above referenced fingers to have frost bite leading to the inability of medical doctors to reattach the amputated parts of the Plaintiff's above referenced fingers.

## **JURISDICTION AND VENUE**

11.     This is an admiralty or maritime personal injury claim stemming from the Plaintiff's employment aboard The Vessel. The claims underlying this matter are based upon the Jones Act, 46 U.S.C. 30104, 46 U.S.C 10901, and the General Maritime Laws of the United States, including the governing laws of maintenance and cure and unseaworthiness as detailed below.

12.     Venue is proper in this district under 28 U.S.C. 1391 (b)(2) because events giving rise to this lawsuit occurred in the Southern District of Florida.

13.   This is an action in excess of Seventy-Five Thousand Dollars ($75,000.00).

14.   Defendant, QUARANTENA, LLC, at all times material hereto, personally or through an agent:

   a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county.

   b. Was engaged in substantial activity within this state.

   c. Operated Vessels in the water of this state.

   d. Committed one or more of the acts stated in Florida Statutes, Section 48.081, 48.181 or 48.193.

   e. The acts of Defendant(s) set out in this Complaint occurred in whole or in part in this county and/or state.

15.   At all times material hereto, the Defendant, QUARANTENA, LLC, owned, operated, managed, maintained and/or controlled The Vessel.

16.   At all times material hereto, the subject Vessel was in navigable waters.

17.   Defendant, PHILLIPS MARINE GROUP, LLC was and is a Florida Limited Liability Company with its principal place of business in Miami-Dade, Florida.

18.   At all times material hereto, the Defendant PHILLIPS MARINE GROUP, LLC was Plaintiff's employer, and Defendant was an agent of the shipowner and/or ship operator of the subject Vessel.

4

19.   Defendant, PLACES, was and is a Florida Limited Liability Company with its principal place of business in Miami-Dade, Florida.

20.   At all times material hereto, Defendant PLACES was an agent of the shipowner and/or ship operator of the subject Vessel.

21.   At all times material hereto, the Defendant CODY STRICKLAND, was the Captain of the above described Vessel.

## COUNT I:
## JONES ACT NEGLIGENCE AGAINST QUARANTENA, LLC.,

22.   Plaintiff readopts and realleges paragraphs one (1) through sixteen (16) as if stated herein verbatim and further alleges:

23.   It was the duty of Defendant, QUARANTENA, LLC, to provide the Plaintiff with a safe place to work. It was also the duty of the Defendant to provide the Plaintiff with prompt, proper, and adequate medical treatment for any injury or illness, which manifested during Plaintiff's employment.

24.   On or about the above referenced date of incident, Plaintiff was injured due to the fault and negligence of Defendant, QUARANTENA, and/or its agents, servants and/or employees including, but not limited to as follows:

   a. Failure to provide a safe workplace by failing to provide the adequate tools and equipment, in order for Plaintiff to perform his job tasks safely and to guard risks of injury to Plaintiff;

b.  Failure to provide a safe workplace by failing to use reasonable care to provide/maintain a safe place to work for Plaintiff in order to avoid injury;

c.  Failure to provide a safe workplace by failing to conduct the operations in a reasonably safe manner in order to avoid the type of injuries the Plaintiff suffered;

d.  Failure to promulgate and enforce reasonable rules and regulations to ensure the safety and health of the Plaintiff, while engaged in the course of his employment;

e.  By failing to promulgate and enforce adequate safety rules, including rules relating to medical treatment;

f.  Failure to provide prompt, proper and adequate medical care;

g.  Failure to follow sound management practices with the goal of providing Plaintiff a safe place to work;

h.  Failure to use due care under the circumstances;

25.  Defendant, QUARANTENA failed to use due care while operating The Vessel, by maneuvering The Vessel while the Plaintiff was attempting to tighten the dock lines located on the mechanical winch.

26.  Defendant QUARANTENA failed to provide prompt, proper, and adequate medical treatment, and additionally placed the Plaintiff's aforementioned fingers on ice, causing the fingers to have frost bite and Plaintiff to lose the aforementioned top parts of his middle and index finger located on his left hand.

27.  As a result of the negligence of the Defendant QUARANTENA the Plaintiff was injured about his body and extremities; suffered physical pain and

suffering; mental anguish; reasonable fear of developing future physical and medical problems, loss enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life; feelings of economic insecurity caused by disability, aggravation of any previously existing conditions therefrom; suffered physical handicap; lost wages; income lost in the past; and Plaintiff will suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff demands judgment against Defendant, QUARANTENA, for actual and compensatory damages, prejudgment and post-judgment interest, and any further relief this Court deems just and seek a jury trial to try all issues so triable.

## COUNT II: UNSEAWORTHINESS OF THE VESSEL BY REASON OF INCOMPETENT CREW AGAINST QUARANTENA, LLC.

28.    Plaintiff readopts and realleges paragraphs one (1) through twenty-seven (27) as if stated herein verbatim and further alleges:

29.    On or about July 23, 2022, Plaintiff was a member of the crew of Defendant, QUARANTENA's Vessel, which was in navigable waters.

30.    At all times material hereto, The Vessel was owned, managed, operated and/or controlled by Defendant, QUARANTENA.

31.    At all times material hereto, the Defendant, QUARANTENA exercised control over and/or had the responsibility for the aforementioned Vessel's navigation

while the Vessel was underway upon the waters of this state on or about July 23, 2022, when Plaintiff's incident occurred.

32.    The Defendant QUARANTENA exercised control and/or had the responsibility for the aforementioned Vessel's safety while the Vessel was underway upon the waters of this state on or about July 23, 2022, when the Plaintiff's incident occurred.

33.    Defendant QUARANTENA had the absolute nondelegable duty to provide Plaintiff with a seaworthy Vessel per 46 U.S.C 10901.

34.    At the above-mentioned time and place, while Captain STRICKLAND was aware that Plaintiff was adjusting the dock lines on the Vessel, Captain Cody Strickland put The Vessel into gear, causing The Vessel to shift, the dock lines to tighten, and leading to the amputation of the top knuckle of Plaintiff's middle and index finger located on the Plaintiff's left hand.

35.    Immediately after the tips of Plaintiff's two above mentioned fingers were amputated, one of the stewardesses attempted to render the Plaintiff aid, however The Vessel did not have a first aid and/or trauma kit aboard.

36.    The stewardess attempted to preserve the Plaintiff's amputated fingers and improperly placed them upon ice, causing the above referenced fingers to have frost bite leading to the inability of medical doctors to reattach the amputated parts of the Plaintiff's above referenced fingers.

37.    On or about July 23, 2022, the unseaworthiness of Defendant, QUARANTENA's Vessel was a legal cause of injury and damage to Plaintiff including, but not limited to:

   a.  The Vessel was unsafe and unfit due to the conditions created by Defendant's conduct stated in paragraphs five (5) through nine (9);

   b.  The Vessel's crew was not properly trained, instructed, or supervised;

   c.  The Vessel did not have a fit crew;

   d.  The Vessel did not have a reasonably fit medical staff;

   e.  The Vessel did not assign adequate manpower for the tasks being performed;

   f.  The job methods and procedures were not reasonably fit for the intended purposed as they posed an unreasonable risk of injury;

   g.  Lack of adequate medical care;

   h.  Due to unsafe working environment.

38.    As a result of the unseaworthiness of the Vessel, the Plaintiff was injured about his body and extremities; suffered physical pain and suffering; mental anguish; reasonable fear of developing future physical and medical problems, loss enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life; feelings of economic insecurity caused by disability, aggravation of any previously existing conditions therefrom; suffered physical handicap; lost wages; income lost in the past; and Plaintiff will suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff demands judgment against Defendant, QUARANTENA, for actual and compensatory damages, prejudgment and post judgment interest, and any further relief this Court deems just and seek a jury trial to try all issues so triable.

## COUNT III- FAILURE TO PROVIDE PROMPT, PROPER, AND ADEQUATE MEDICAL TREATMENT AGAINST QUARANTENA, LLC.

39.     Plaintiff readopts and realleges paragraphs one (1) through thirty-eight (38) as if stated herein verbatim and further alleges:

40.     On or about July 23, 2022, Plaintiff was employed by Defendant, QUARANTENA as a seaman, was in the service of the vessel, and was a member of The Vessel's crew. The Vessel was in navigable waters.

41.     At the above referenced time and place, while attempting to wrap the third line on the above referenced winch, Captain Cody Strickland put The Vessel into gear, causing The Vessel to shift, the dock lines to tighten, and leading to the amputation of the top knuckle of Plaintiff's middle and index finger located on the Plaintiff's left hand.

42.     The stewardess attempted to preserve the Plaintiff's amputated fingers and improperly placed them upon ice, causing the above referenced fingers to have frost bite leading to the inability of medical doctors to reattach the amputated parts of the Plaintiff's above referenced fingers.

43.     At all times material hereto, Defendant QUARANTENA had the absolute nondelegable duty to provide Plaintiff with prompt, proper, and adequate medical care.

44.     Defendant QUARANTENA through the ship's crew negligently failed to promptly provide Plaintiff with prompt, proper, and adequate medical care. This conduct includes, but is not limited to:

    a. Defendant not giving Plaintiff medical care in a timely manner after his initial injury/or manifestation of his medical condition;

    b. Defendant failed to timely and/or properly diagnose and treat Plaintiff's injury and/or medical condition;

    c. Defendant provided inadequate and improper treatment, which aggravated Plaintiff's medical condition and caused him needless pain and suffering.

45.     As a direct and proximate result of Defendant QUARANTENA's failure, Plaintiff suffered additional pain, disability, and/or Plaintiff's recovery was prolonged and hampered. In addition, the Plaintiff was injured about his body and extremities; suffered physical pain and suffering; mental anguish; reasonable fear of developing future physical and medical problems, loss enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life; feelings of economic insecurity caused by disability, aggravation of any previously existing conditions therefrom; suffered physical handicap; lost wages; income lost in the past; and Plaintiff will suffer the losses and impairments in the future.

46.     This Count is alleged separately from Jones Act Negligence pursuant to *Joyce v. Atlantic Richfield Company*, 651 F.2d 676 (10th Cir. 1981) which states, in part, "Negligent failure to provide prompt medical attention to a seriously injured seaman gives rise to a separate claim for relief [ for which separate damages are awardable]".

**WHEREFORE**, Plaintiff demands judgment against Defendant, QUARANTENA, for actual and compensatory damages, prejudgment and post judgment interest, and any further relief this Court deems just and seek a jury trial to try all issues so triable.

## COUNT IV- FAILURE TO GIVE NOTICE OF THE INCIDENT BY THE QUICKEST MEANS AVALIABLE AGAINST QUARANTENA, LLC.

47.     Plaintiff readopts and realleges paragraphs one (1) through forty-six (46) as if stated herein verbatim and further alleges:

48.     At the above-mentioned time and place, Plaintiff's top knuckle of Plaintiff's middle and index finger located on the Plaintiff's left hand was amputated due to Captain Cody Strickland maneuvering the vessel while the Plaintiff was tightening the dock lines.

49.     The crew of the above-described vessel failed to immediately notify the authorities of Plaintiff's injury.

50.     Furthermore, the Plaintiff's injuries worsened due to the Defendant QUARANTENA taking an extended period of time, almost thirty (30) minutes, to notify the authorities and call for medical assistance.

51.     At all times material hereto, the Captain of the vessel owed a duty of care to all other persons on or occupying the vessel, including all areas of the deck, and any adjacent vessels or persons, including a duty to notify, as quickly as possible, either: "the Division of Law Enforcement of the Fish and Wildlife Conservation Commission; the sheriff of the County within which the a incident occurred; or the police chief of the municipality within which the incident occurred, if applicable."

52.     The Defendant QUARANTENA had the means to but failed to notify any of the required authorities by the quickest available means of the incident resulting in injuries to the claimant while on the vessel under the exclusive and immediate control of the Defendant further exacerbating the injuries of the Plaintiff.

53.     As a direct and proximate result of the Defendant, QUARANTENA's negligent failure to notify, the Plaintiff suffered severe bodily injury, pain and suffering, mental anguish, loss of capacity of the enjoyment of life, extensive medical bills/ expenses, lost wages, aggravation of pre-existing conditions, and suffering additional costs. These losses are continuing, and, some may ultimately be permanent, and the Plaintiff will suffer further losses in the future.

**WHEREFORE**, Plaintiff demands judgment against Defendant, QUARANTENA, for actual and compensatory damages, prejudgment and post judgment interest, and any further relief this Court deems just and seek a jury trial to try all issues so triable.

## COUNT VI- FAILURE TO PROVIDE MAINTENANCE AND CURE AGAINST QUARANTENA, LLC.

54.     Plaintiff readopts and realleges paragraphs one (1) through fifty-three (53) as if stated herein verbatim and further alleges:

55.     On or about July 23, 2022, Plaintiff, while in the service of the Vessel as a crew member, was injured.

56.     Under the General Maritime Law of the United States, Plaintiff, as a seaman, is entitled to recover maintenance and cure from Defendant until he is declared cured. *See Garay v. Carnival Cruise Line, Inc*., 904 F. 2d 1527 (11th Cir. 1990); *Calmar S. S. Corp. v. Taylor*, 303 U.S. 525, 58 S. Ct. 651, 82 L. Ed. 993 (1938); *Johnson v. U.S*., 333 U.S. 46, 68 S. Ct. 391, 92 L. Ed. 468 (1948).

57.     As a result of the delay in providing maintenance and cure, and the failure to provide appropriate and proper maintenance and cure, Plaintiff has suffered compensatory damages, including but not limited to the following:

a.  Past and future pain and suffering;

b.  Mental anguish;

14

    c.  Physical handicap and impairment;

    d.  Disfigurement;

    e.  Disability;

    f.  Inconvenience;

    g.  Aggravation and/or prolongation of his injuries;

    h.  Lost wages in the past;

    i.  Loss of ability to earn money in the future; and

    j.  Loss of capacity for the enjoyment of life.

58.    Despite the heightened, non-delegable obligations, Defendant QUARANTENA failed to provide Plaintiff with maintenance and cure.

**WHEREFORE**, Plaintiff demands judgment against Defendant, QUARANTENA, for actual and compensatory damages, prejudgment and post judgment interest, and any further relief this Court deems just and seek a jury trial to try all issues so triable.

## COUNT VII:
## JONES ACT NEGLIGENCE AGAINST PHILLIPS MARINE GROUP, LLC

59.    Plaintiff readopts and realleges paragraphs one (1) through fifty-eight (58) as if stated herein verbatim and further alleges:

60.    It was the duty of Defendant PHILLIPS to provide the Plaintiff with a safe place to work. It was also the duty of the Defendant to provide the Plaintiff with

prompt, proper, and adequate medical treatment for any injury or illness, which manifested during Plaintiff's employment.

61.     On or about the above referenced date of incident, Plaintiff was injured due to the fault and negligence of Defendant PHILLIPS and/or its agents, servants and/or employees including, but not limited to as follows:

a.  Failure to provide a safe workplace by failing to provide the adequate tools and equipment, in order for Plaintiff to perform his job tasks safely and to guard risks of injury to Plaintiff;

b.  Failure to provide a safe workplace by failing to use reasonable care to provide/maintain a safe place to work for Plaintiff in order to avoid injury;

c.  Failure to provide a safe workplace by failing to conduct the operations in a reasonably safe manner in order to avoid the type of injuries the Plaintiff suffered;

d.  Failure to promulgate and enforce reasonable rules and regulations to ensure the safety and health of the Plaintiff, while engaged in the course of his employment;

e.  By failing to promulgate and enforce adequate safety rules, including rules relating to medical treatment;

f.  Failure to provide prompt, proper and adequate medical care;

g.  Failure to follow sound management practices with the goal of providing Plaintiff a safe place to work;

h.  Failure to use due care under the circumstances;

62.     Defendant PHILLIPS failed to use due care while operating The Vessel, by maneuvering The Vessel while the Plaintiff was attempting to tighten the dock lines located on the mechanical winch.

63.     Defendant PHILLIPS failed to provide prompt, proper, and adequate medical treatment, and additionally placed the Plaintiff's aforementioned fingers on ice, causing the fingers to have frost bite and Plaintiff to lose the aforementioned top parts of his middle and index finger located on his left hand.

64.     As a result of the negligence of the Defendant, PHILLIPS, the Plaintiff was injured about his body and extremities; suffered physical pain and suffering; mental anguish; reasonable fear of developing future physical and medical problems, loss enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life; feelings of economic insecurity caused by disability, aggravation of any previously existing conditions therefrom; suffered physical handicap; lost wages; income lost in the past; and Plaintiff will suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff demands judgment against Defendant, PHILLIPS MARINE GROUP, LLC, for actual and compensatory damages, prejudgment and post-judgment interest, and any further relief this Court deems just and seek a jury trial to try all issues so triable.

## COUNT VIII: UNSEAWORTHINESS OF THE VESSEL BY REASON OF INCOMPETENT CREW AGAINST PHILLIPS MARINE GROUP, LLC

65.     Plaintiff readopts and realleges paragraphs one (1) through sixty-four (64) as if stated herein verbatim and further alleges:

66.     On or about July 23, 2022, Plaintiff was a member of the crew of Defendant's Vessel, which was in navigable waters.

67.     At all times material hereto, The Vessel was owned, managed, operated and/or controlled by the Defendant, PHILLIPS.

68.     At all times material hereto, the Defendant PHILLIPS exercised control over and/or had the responsibility for the aforementioned Vessel's navigation while the Vessel was underway upon the waters of this state on or about July 23, 2022, when Plaintiff's incident occurred.

69.     The Defendant PHILLIPS exercised control and/or had the responsibility for the aforementioned Vessel's safety while the Vessel was underway upon the waters of this state on or about July 23, 2022, when the Plaintiff's incident occurred.

70.     Defendant PHILLIPS had the absolute nondelegable duty to provide Plaintiff with a seaworthy Vessel per 46 U.S.C 10901.

71.     At the above-mentioned time and place, while the Captain was aware that Plaintiff was adjusting the dock lines on the Vessel, Captain Cody Strickland

put The Vessel into gear, causing The Vessel to shift, the dock lines to tighten, and leading to the amputation of the top knuckle of Plaintiff's middle and index finger located on the Plaintiff's left hand.

72.    Immediately after the tips of Plaintiff's two above mentioned fingers were amputated, one of the stewardesses attempted to render the Plaintiff aid, however The Vessel did not have a first aid and/or trauma kit aboard.

73.    The stewardess attempted to preserve the Plaintiff's amputated fingers and improperly placed them upon ice, causing the above referenced fingers to have frost bite leading to the inability of medical doctors to reattach the amputated parts of the Plaintiff's above referenced fingers.

74.    On or about July 23, 2022, the unseaworthiness of Defendant, PHILLIPS's Vessel was a legal cause of injury and damage to Plaintiff including, but not limited to:

i.  The Vessel was unsafe and unfit due to the conditions created by Defendant's conduct stated in paragraphs five (5) through nine (9);

j.  The Vessel's crew was not properly trained, instructed, or supervised;

k.  The Vessel did not have a fit crew;

l.  The Vessel did not have a reasonably fit medical staff;

m.  The Vessel did not assign adequate manpower for the tasks being performed;

n.  The job methods and procedures were not reasonably fit for the intended purposed as they posed an unreasonable risk of injury;

o.  Lack of adequate medical care;

p.  Due to unsafe working environment.

75.  As a result of the unseaworthiness of the Vessel, the Plaintiff was injured about his body and extremities; suffered physical pain and suffering; mental anguish; reasonable fear of developing future physical and medical problems, loss enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life; feelings of economic insecurity caused by disability, aggravation of any previously existing conditions therefrom; suffered physical handicap; lost wages; income lost in the past; and Plaintiff will suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff demands judgment against Defendant, PHILLIPS MARINE GROUP, LLC, for actual and compensatory damages, prejudgment and post judgment interest, and any further relief this Court deems just and seek a jury trial to try all issues so triable.

## COUNT IX- FAILURE TO PROVIDE PROMPT, PROPER, AND ADEQUATE MEDICAL TREATMENT AGAINST PHILLIPS MARINE GROUP, LLC

76.  Plaintiff readopts and realleges paragraphs one (1) through seventy-five (75) as if stated herein verbatim and further alleges:

77.   On or about July 23, 2022, Plaintiff was employed by Defendant, PHILLIPS as a seaman, was in the service of the vessel, and was a member of The Vessel's crew. The Vessel was in navigable waters.

78.   At the above referenced time and place, while attempting to wrap the third line on the above referenced winch, Captain Cody Strickland put The Vessel into gear, causing The Vessel to shift, the dock lines to tighten, and leading to the amputation of the top knuckle of Plaintiff's middle and index finger located on the Plaintiff's left hand.

79.   The stewardess attempted to preserve the Plaintiff's amputated fingers and improperly placed them upon ice, causing the above referenced fingers to have frost bite leading to the inability of medical doctors to reattach the amputated parts of the Plaintiff's above referenced fingers.

80.   At all times material hereto, Defendant PHILLIPS had the absolute nondelegable duty to provide Plaintiff with prompt, proper, and adequate medical care.

81.   Defendant PHILLIPS through the ship's crew negligently failed to promptly provide Plaintiff with prompt, proper, and adequate medical care. This conduct includes, but is not limited to:

      q.  Defendant not giving Plaintiff medical care in a timely manner after his initial injury/or manifestation of his medical condition;

    r.  Defendant failed to timely and/or properly diagnose and treat Plaintiff's injury and/or medical condition;

    s.  Defendant provided inadequate and improper treatment, which aggravated Plaintiff's medical condition and caused him needless pain and suffering.

82.   As a direct and proximate result of Defendant PHILLIPS' failure, Plaintiff suffered additional pain, disability, and/or Plaintiff's recovery was prolonged and hampered. In addition, the Plaintiff was injured about his body and extremities; suffered physical pain and suffering; mental anguish; reasonable fear of developing future physical and medical problems, loss enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life; feelings of economic insecurity caused by disability, aggravation of any previously existing conditions therefrom; suffered physical handicap; lost wages; income lost in the past; and Plaintiff will suffer the losses and impairments in the future.

83.   This Count is alleged separately from Jones Act Negligence pursuant to *Joyce v. Atlantic Richfield Company*, 651 F.2d 676 (10th Cir. 1981) which states, in part, "Negligent failure to provide prompt medical attention to a seriously injured seaman gives rise to a separate claim for relief [ for which separate damages are awardable]".

**WHEREFORE**, Plaintiff demands judgment against Defendant, PHILLIPS MARINE GROUP, LLC, for actual and compensatory damages, prejudgment and

post judgment interest, and any further relief this Court deems just and seek a jury trial to try all issues so triable.

## COUNT X- FAILURE TO GIVE NOTICE OF THE INCIDENT BY THE QUICKEST MEANS AVALIABLE AGAINST PHILLIPS MARINE GROUP, LLC

84.     Plaintiff readopts and realleges paragraphs one (1) through eighty-four (84) as if stated herein verbatim and further alleges:

85.     At the above-mentioned time and place, Plaintiff's top knuckle of Plaintiff's middle and index finger located on the Plaintiff's left hand was amputated due to Captain Cody Strickland maneuvering the vessel while the Plaintiff was tightening the dock lines.

86.     The crew of the above-described vessel failed to immediately notify the authorities of Plaintiff's injury.

87.     Furthermore, the Plaintiff's injuries worsened due to the Defendant, PHILLIPS MARINE GROUP, taking an extended period of time, almost thirty (30) minutes, to notify the authorities and call for medical assistance.

88.     At all times material hereto, the Captain of the vessel owed a duty of care to all other persons on or occupying the vessel, including all areas of the deck, and any adjacent vessels or persons, including a duty to notify, as quickly as possible, either: "the Division of Law Enforcement of the Fish and Wildlife Conservation

Commission; the sheriff of the County within which the a incident occurred; or the police chief of the municipality within which the incident occurred, if applicable."

89.     The Defendant, PHILLIPS MARINE GROUP, LLC, had the means to but failed to notify any of the required authorities by the quickest available means of the incident resulting in injuries to the claimant while on the vessel under the exclusive and immediate control of the Defendant further exacerbating the injuries of the Plaintiff.

90.     As a direct and proximate result of the Defendant, PHILLIPS MARINE GROUP's negligent failure to notify, the Plaintiff suffered severe bodily injury, pain and suffering, mental anguish, loss of capacity of the enjoyment of life, extensive medical bills/ expenses, lost wages, aggravation of pre-existing conditions, and suffering additional costs. These losses are continuing, and, some may ultimately be permanent, and the Plaintiff will suffer further losses in the future.

**WHEREFORE**, Plaintiff demands judgment against Defendant, PHILLIPS MARINE GROUP, LLC, for actual and compensatory damages, prejudgment and post judgment interest, and any further relief this Court deems just and seek a jury trial to try all issues so triable.

## COUNT XI: UNSEAWORTHINESS OF THE VESSEL BY REASON OF INCOMPETENT CREW AGAINST PLACES LUXURY RENTALS, LLC

91.     Plaintiff readopts and realleges paragraphs one (1) through ninety (90) as if stated herein verbatim and further alleges:

92.     On or about July 23, 2022, Plaintiff was a member of the crew of Defendant's Vessel, which was in navigable waters.

93.     At all times material hereto, The Vessel was owned, managed, operated and/or controlled by the Defendant, PLACES.

94.     At all times material hereto, the Defendant, PLACES, exercised control over and/or had the responsibility for the aforementioned Vessel's navigation while the Vessel was underway upon the waters of this state on or about July 23, 2022, when Plaintiff's incident occurred.

95.     The Defendant, PLACES, exercised control and/or had the responsibility for the aforementioned Vessel's safety while the Vessel was underway upon the waters of this state on or about July 23, 2022, when the Plaintiff's incident occurred.

96.     Defendant, PLACES, had the absolute nondelegable duty to provide Plaintiff with a seaworthy Vessel per 46 U.S.C 10901.

97.     At the above-mentioned time and place, while Captain STRICKLAND was aware that Plaintiff was adjusting the dock lines on the Vessel, Captain Cody

Strickland put The Vessel into gear, causing The Vessel to shift, the dock lines to tighten, and leading to the amputation of the top knuckle of Plaintiff's middle and index finger located on the Plaintiff's left hand.

98.    Immediately after the tips of Plaintiff's two above mentioned fingers were amputated, one of the stewardesses attempted to render the Plaintiff aid, however The Vessel did not have a first aid and/or trauma kit aboard.

99.    The stewardess attempted to preserve the Plaintiff's amputated fingers and improperly placed them upon ice, causing the above referenced fingers to have frost bite leading to the inability of medical doctors to reattach the amputated parts of the Plaintiff's above referenced fingers.

100.   On or about July 23, 2022, the unseaworthiness of Defendant, PLACES, Vessel was a legal cause of injury and damage to Plaintiff including, but not limited to:

    a. The Vessel was unsafe and unfit due to the conditions created by Defendant's conduct stated in paragraphs five (5) through nine (9);

    b. The Vessel's crew was not properly trained, instructed, or supervised;

    c. The Vessel did not have a fit crew;

    d. The Vessel did not have a reasonably fit medical staff;

    e. The Vessel did not assign adequate manpower for the tasks being performed;

    f. The job methods and procedures were not reasonably fit for the intended purposed as they posed an unreasonable risk of injury;

g.  Lack of adequate medical care;

h.  Due to unsafe working environment.

101.   As a result of the unseaworthiness of the Vessel, the Plaintiff was injured about his body and extremities; suffered physical pain and suffering; mental anguish; reasonable fear of developing future physical and medical problems, loss enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life; feelings of economic insecurity caused by disability, aggravation of any previously existing conditions therefrom; suffered physical handicap; lost wages; income lost in the past; and Plaintiff will suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff demands judgment against Defendant, PLACES, for actual and compensatory damages, prejudgment and post judgment interest, and any further relief this Court deems just and seek a jury trial to try all issues so triable.

## COUNT XII- NEGLIGENCE AGAINST CODY STRICKLAND

102.   The Plaintiff readopts and re-avers each and every allegation contained in Paragraphs one (1) through one hundred and two (102) as if they were fully set forth herein, and further alleges:

103.   On or about July 23, 2022, Captain Cody Strickland was attempting to dock The Vessel at the Island Gardens Marina located at 888 McArthur Causeway Miami, FL 33132.

104.   As Captain Cody Strickland was attempting to dock The Vessel and The Vessel became still, the Plaintiff realized that the dock lines needed to be readjusted so The Vessel could be properly placed at the dock.

105.   The Plaintiff called Captain Cody Strickland on a radio to inform the Captain that the Plaintiff was going to readjust the portside dock lines on the mechanical winch.

106.   While attempting to wrap the third line on the above referenced winch, Captain Cody Strickland put The Vessel into gear, causing The Vessel to shift, the dock lines to tighten, and leading to the amputation of the top knuckle of Plaintiff's middle and index finger located on the Plaintiff's left hand.

107.   Defendant STRICKLAND failed to immediately notify the authorities of Plaintiff's injury.

108.   At all times material hereto, the Defendant, STRICKLAND, as the operator and  of the vessel owed a duty of reasonable care to all other persons on or occupying the vessel, including all areas of the deck, and any adjacent vessels or persons; additionally, as the operator and master of the vessel, STRICKLAND, has

a duty to render such assistance as is practicable and necessary in order to save them from or minimize the danger of the incident.

109.   The Defendant, CODY STRICKLAND, failed to act as an ordinary reasonable prudent person by, navigating the above referenced vessel while the Plaintiff was tightening the dock lines.

110.   As a direct and proximate result of the Defendant, STRICKLAND's, negligence, the Plaintiff suffered severe bodily injury, pain and suffering, mental anguish, loss of capacity of the enjoyment of life, extensive medical bills/ expenses, lost wages, aggravation of pre-existing conditions, and suffered additional costs. These losses are continuing, and, some may ultimately be permanent, and the Plaintiff will suffer further losses in the future.

**WHEREFORE**, Plaintiff demands judgment against Defendant, CODY STRICKLAND, for actual and compensatory damages, prejudgment and post judgment interest, and any further relief this Court deems just and seek a jury trial to try all issues so triable.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on October 6, 2022 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF..

By:  */s/ Jeremy Dover*
Jeremy Dover, Esq.
FBN: 110737

29

Patricia Francois, Esq.
FBN: 1018548